IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Candace Jackson Rider, | ) | Civil Action No.: 9:13-cv-00826-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant.[1]  Plaintiff Candace Jackson Rider brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act ("the Act").  In his R&R, the Magistrate Judge recommends affirming the decision of the Commissioner.

**FACTUAL FINDINGS AND PROCEDURAL HISTORY**

Plaintiff applied for disability insurance benefits in April 2010, alleging that she became unable to work on March 31, 2010.   The application was denied initially and on reconsideration. Plaintiff requested a hearing before the Administrative Law Judge ("ALJ") on March 9, 2011.  That hearing was held on October 19, 2011, and Plaintiff appeared and testified.  A vocational expert also testified.  The ALJ issued a decision dated January 3, 2012, finding that Plaintiff was not disabled.  The ALJ's overall findings were as follows:

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to the Magistrate Judge.

1.      The claimant meets the insured status requirements of the Social Security Act through June 30, 2014.

2.      The claimant has not engaged in substantial gainful activity since March 31, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*).

. . .

3.      The claimant has the following severe impairments: multiple sclerosis (MS), headaches, venous insufficiency, obesity, degenerative disc disease of the lumbar spine, chronic pain syndrome with spinal neuritis or radiculitis (unspecified), sacroiliitis, and myalgia and myositis (unspecified), in addition to mental impairments of bipolar disorder, depression, and anxiety (20 CFR 404.1520(c)).

. . .

4.      The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

. . .

5.      After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b).  The claimant could lift/carry 20 pounds occasionally and 10 pounds frequently.  The claimant could stand/walk two out of eight hours in an eight-hour workday, and the claimant could not continuously walk more than 10 minutes at one time.  The claimant requires a sit/stand option that allows the claimant to sit or stand for 30 to 40 minutes at one time before changing positions.  The claimant could occasionally climb ramps, stairs, and ladders, ropes, and scaffolds.  The claimant could occasionally stoop, kneel, crouch, and crawl.  The claimant should avoid concentrated exposure to extreme cold, extreme heat, and workplace hazards.  The claimant is limited to simple, routine, repetitive tasks requiring only occasional public contact in a low stress work environment characterized by occasional changes in the work setting and occasional decision-making.

. . .

6.      The claimant is unable to perform any past relevant work (20 CFR 404.1565).

. . .

7.    The claimant was . . . 41 years old, which is defined as a younger individual age 18–49, on the alleged disability onset date (20 CFR 404.1563).

8.    The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.    Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568).

10.    Considering the claimant's age, education, work, experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

. . .

11.    The claimant has not been under a disability, as defined in the Social Security Act, from March 30, 2010, through the date of this decision (20 CFR 404.1520(g)).

Tr. 20–42.

The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review.  Review was denied despite the fact that Plaintiff submitted additional evidence to the Appeals Council.  The additional evidence consisted of Neuroscience Associates medical records dated from February 9, 2012, to August 16, 2012.  The Appeals Council found the records were "about a later time" and did not consider them as part of the administrative record. Tr. 2.  On March 27, 2013, Plaintiff filed this action seeking judicial review of the Commissioner's decision. Compl., ECF No. 1.  Both Plaintiff and the Commissioner filed briefs, ECF Nos. 12, 20, and the Magistrate Judge issued his Report and Recommendation ("R&R") on August 4, 2014, recommending that the Commissioner's decision be affirmed, R&R,

ECF No. 24. Plaintiff filed timely objections to the R&R on August 18, 2014, Pl.'s Objs., ECF No. 25, and the Commissioner replied on September 5, 2014, Def.'s Reply, ECF No. 27.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Act is a limited one. The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citations omitted).

This statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1973) (holding that the Court must uphold the decision supported by substantial evidence "even should [it] disagree"). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assume that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1). The R&R is only a recommendation to the Court and has no presumptive weight; indeed, the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. § 636(b)(1).

The right to *de novo* review, however, may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In that event, however, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DETERMINATION OF DISABILITY

Under the Act, Plaintiff's eligibility for the benefits she is seeking hinges on whether she is under a "disability." 42 U.S.C. § 423(a). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1)(A). "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985).

A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or medically equal the listed impairments set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975).   Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b).   These factors include the claimant's (1) "residual functional capacity," *id.* § 404.1560; (2) age, *id.* § 404.1563; (3) education, *id.* § 404.1564; (4) work experience, *id.* § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* § 404.1560.   If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* § 404.1560.   The interrelation between these vocational factors is governed by Appendix 2 of Subpart P.   Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or medically equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

## ANALYSIS

The Magistrate Judge recommends affirming the decision of the Commissioner. Specifically, the Magistrate Judge concludes (1) that the ALJ's analysis under the Listings is supported by substantial evidence and without error of law, (2) that Plaintiff's argument that the ALJ mischaracterized and misstated the record was without merit, (3) that the ALJ's assessment of Plaintiff's credibility was proper, and (4) that the Appeals Council did not commit reversible error in failing to consider additional evidence offered by Plaintiff. In her objections, Plaintiff contends that the Magistrate Judge erred in finding that the Appeals Council's decision to not consider the addition evidence was without error. Plaintiff also points out that this additional evidence would have, in turn, required remand in order to determine whether Plaintiff met Listing 11.09.

After a *de novo* review in light of Plaintiff's objections, the Court finds the Magistrate Judge's recommendation to be proper. "The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.' " *Wilkins v. Sec'y*, 953 F.2d 93, 95–96 (4th C ir. 1991) (quoting *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)).[2] Here, the Appeals Council found that the evidence provided by Plaintiff applied to a period *after* the date of the ALJ's decision, January 3, 2012. The Neuroscience Associates records include two progress notes from visits on February 9, 2012, and on August 16, 2012, as well as a Physical Medical Source Statement provided by Dr. Mary Hughes on August 16,

---

[2] The Court notes that the parties and the Magistrate Judge discuss primarily the effect of *Bird v. Commissioner*, 699 F.3d 337 (4th Cir. 2012), on the Appeals Council's failure to consider the Neuroscience Associates records. *Bird* regarded an ALJ's failure to give retrospective consideration evidence before the ALJ that, although dated after the claimaint's date of last insured, drew "a link between [the claimant's] current condition and his condition predating his [date of last insured]." *Id.* at 342. *Bird* is not particularly helpful here because the Appeals Council never weighed the new evidence and instead found that the evidence regarded a later time (i.e., related to a period before the date of the ALJ's January 3, 2012 decision).

2012.  There is no evidence that Dr. Hughes had examined Plaintiff prior to the February 9, 2012, visit (or, most importantly, prior to the decision by the ALJ).  The examination by Dr. Hughes, moreover, is not inconsistent with the medical evidence presented to the ALJ when taking into account the fact that Plaintiff's multiple sclerosis diagnosis was described by Dr. Hughes to be "progressive" and the fact that Dr. Hughes's statements concerning Plaintiff's residual functional capacity were made over half a year after the ALJ's decision.[3]  This Court, of course, may not weigh the evidence.  Accordingly, there is substantial evidence in the record to support the Appeals Council's finding that the medical records submitted by Plaintiff did not give rise to new and material evidence that the Appeals Council was required to consider.  Moreover, as Plaintiff's other objection is conditioned on whether the Appeals Council should have considered the additional evidence, the Court need not reach the issue.  Plaintiff's objections, thus, are overruled.

### CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, including the briefs, the Magistrate Judge's R&R, Plaintiff's objections to the R&R, and applicable law.  For the reasons set forth above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts and incorporates by reference the R&R of the Magistrate Judge.  The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

September 15, 2014
Florence, South Carolina

---

[3] Indeed, the Appeals Council, in light of Dr. Hughes's statement suggested that Plaintiff file a new application because her date of last insured had not yet run. Tr. 2.